<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 14-4408**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LAWRENCE MCNEILL,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:12-cr-00269-D-1)

—————

Submitted: December 19, 2014      Decided: December 30, 2014

—————

Before KING, GREGORY, and SHEDD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Lee Ann Anderson McCall, Amanda F. Davidoff, Kara D. Hughley, SULLIVAN & CROMWELL LLP, Washington, D.C., for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence McNeill appeals the criminal judgment entered by the district court after he pled guilty to conspiracy to distribute, and possess with intent to distribute, five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. 841(a)(1) (2012). McNeill argues that the prosecutor committed misconduct by vindictively filing a superseding indictment[*] and that counsel provided ineffective assistance by withdrawing her objection to the drug quantity applied at sentencing. We affirm.

"To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). "If the defendant is unable to prove an improper motive with direct evidence, he may still present evidence of circumstances from which an improper vindictive motive may be presumed." Id. Because McNeill failed to challenge the superseding indictment in the district court, we review this

[*] The Government argues that this claim is barred by the appellate waiver in McNeill's plea agreement. However, McNeill only waived the right to direct appeal of his sentence, and did not waive the right to appeal his conviction.

2

claim for plain error.  United States v. Olano, 507 U.S. 725, 731-32 (1993).

McNeill argues that a presumption of vindictiveness is warranted where, as here, the Government files a superseding indictment while plea negotiations are ongoing without first warning the defendant.  The controlling precedent does not indicate plainly that the circumstances of this case warrant such a presumption.  See United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted), cert. denied, 134 S. Ct. 1326 (2014) (discussing standard).  Accordingly, we find no plain error.

We decline to reach McNeill's claim that counsel was ineffective at sentencing.  Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).  Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record.  United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that this claim should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4